IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA P.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 7188 |
| v. | ) | |
| | ) | Magistrate Judge |
| COMMISSIONER OF SOCIAL SECURITY, | ) | Maria Valdez |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Laura P.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse and remand the Commissioner's decision [Doc. No. 14] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On June 29, 2020 and July 15, 2020 respectively, Plaintiff filed claims for SSI and DIB, alleging disability since June 13, 2020. The claims were denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on March 11, 2022, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On April 15, 2020, the ALJ denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 13, 2020. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine and osteoarthritis of the bilateral

shoulders with partial rotator cuff tear to the right shoulder. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: frequent climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; no concentrated exposure to dusts, fumes, gases, or poor ventilation; no climbing of ladders, ropes, or scaffolds; no work around unprotected heights or unprotected dangerous moving machinery; and occasional reaching overhead with the right arm. At step four, the ALJ determined that Plaintiff is capable of performing her past relevant work as an administrative clerk. Accordingly, the ALJ concluded that Plaintiff is not disabled under the Social Security Act.

## DISCUSSION

### I.     ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does

the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of

4

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir.

5

2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

**III.   ANALYSIS**

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's RFC determination is deficient because she failed to properly reconcile her own findings; and (2) the ALJ failed to properly evaluate the opinions of Plaintiff's treating physician. Each argument will be addressed below in turn.

    **A.   Plaintiff's Non-Severe Mental Limitations**

For her first argument, Plaintiff contends that the ALJ's RFC assessment "does not properly account for Plaintiff's mild mental limitations" and the ALJ failed to "properly explain why additional restrictions for Plaintiff's mental impairments were not included in Plaintiff's RFC." (Pl.'s Br. at 5, 8.) Pertinent to that contention, the ALJ considered the "paragraph B" criteria and set forth a

6

fulsome analysis of each functional area, finding that Plaintiff had a mild limitation in understanding, remembering, or applying information, a mild limitation in interacting with others, a mild limitation in concentrating, persisting, or maintaining pace, and a mild limitation in adapting or managing oneself. (R. 20-21.) Noting among other things that "[t]he documented psychiatric exams, or psych portions of exams by her primary care office and other providers were consistently unremarkable," the ALJ concluded that Plaintiff's mental impairments "do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore non-severe." (*Id.* at 20.)

As an initial matter, as Defendant points out, it is noteworthy that "[w]hen plaintiff filed for benefits in September 2020, she did not include any mental conditions among the impairments that limited her ability to work." (Def.'s Memo. at 2.) Along those lines, it appears that Plaintiff made almost no assertions about difficulties from any mental conditions until after the agency denied her application for benefits. In any event, the Court finds that Plaintiff has not demonstrated that her mild mental limitations should have been incorporated into the RFC and agrees with Defendant that Plaintiff's first argument is unavailing because it largely "rests on a faulty premise, *i.e.*, that her mild limitations necessarily required corresponding restrictions in her residual functional capacity." (*Id.* at 3.) *See Martin P. v. Kijakazi*, No. 22 C 3038, 2023 WL 3258526, at *4 (N.D. Ill. May 4, 2023) ("[T]he Court concludes that Plaintiff has not demonstrated that his mild mental limitations coupled with his physical impairments required corresponding

restrictions in the RFC. Correspondingly, the Court finds that the ALJ sufficiently considered whether mental limitations arising from Plaintiff's non-severe mental impairments were warranted.").

The Court can sufficiently trace the ALJ's reasoning for not including mental limitations in the RFC. *See Cindy P. v. Kijakazi*, No. 20 C 6708, 2022 WL 2802328, at *4 (N.D. Ill. July 18, 2022) ("[C]ourts will affirm an ALJ's decision not to accommodate mild mental limitations in the residual functional capacity where the court can sufficiently trace the ALJ's reasoning for declining to include such limitations."). Defendant is correct that the fact that "the ALJ's reasoning appears at step two is of little consequence" given that "ALJ decisions must be read as a whole, and evidence discussed in one part of a decision reasonably supports conclusions in other parts of the decision." (Def.'s Memo. at 7.) Ultimately, the Court concludes that the ALJ adequately assessed the four areas of mental functioning and reasonably determined that Plaintiff's mild mental impairments were not severe and caused no restrictions in Plaintiff's residual functional capacity.

**B.    The ALJ's Assessment of Dr. Matthew Chelich's Opinions**

For her second argument, Plaintiff contends that the ALJ failed to properly evaluate the opinions of Dr. Matthew Chelich, her treating physician. Because Plaintiff filed her claims in 2020, the ALJ was required to evaluate the medical opinion evidence under regulations applicable to claims filed on or after March 27, 2017. 20 C.F.R. § 404.1520c (2017). Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical

8

opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is instead required to articulate "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Factors to be considered in this evaluation include supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a); *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

In her decision, the ALJ considered the August 2020 mental capacity assessment completed by Dr. Chelich. The ALJ evaluated that assessment as follows:

> Dr. Chelich opined that the claimant had mild to moderate limitations in most categories. However, he also opined marked limitation in four categories: the ability to ignore or avoid distractions while working, the ability work a full work day without needing more than the allotted number or length of rest periods during the day, the ability to handle conflicts with others, and the ability to keep social interactions free of excessive irritability, sensitivity, argumentativeness, or suspiciousness. This opinion is not persuasive. Dr. Chelich is the claimant's primary

9

> care provider and not a mental health professional. He does not find positive clinical mental health findings on his exams. He does not provide support in terms of citation to objective clinical findings for these limitations but just marks them off. Given the lack of mental health treatment and consistent complaints related to her mental health, beyond the lack of support in Dr. Chelich's own treatment notes, the overall record does not support these severe limitations.

(R. 27 (citations omitted).)

So, in sum, the ALJ discounted Dr. Chelich's opinions concerning Plaintiff's mental limitations because they were rendered by a doctor who lacked specialization, were not supported by the doctor's examinations, were not supported by clinical findings, were not supported by explanations, were inconsistent with Plaintiff's lack of mental health treatment, were inconsistent with Plaintiff's lack of complaints concerning her mental health, and were inconsistent with the overall record. Given the ALJ's explicit rationales, the Court finds that the ALJ properly assessed and explicated supportability and consistency in discounting Dr. Chelich's mental health opinions. *See* 20 C.F.R. § 404.1520c(b)(2). The Court declines Plaintiff's invitation to reweigh the evidence in relation to Dr. Chelich's opinions, as that is an endeavor the Court cannot undertake. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

The ALJ also considered the August 2020 physical assessment completed by Dr. Chelich. The ALJ evaluated that assessment as follows:

> Dr. Chelich opined the claimant's diagnoses to be fibromyalgia, asthma, and hypertension. He opined that the claimant would need to lie down during the day and would need to take unscheduled breaks during the day. He opined the claimant can sit and stand/walk for a half an hour out of an eight hour workday and that she has limitations in handling, reaching, and fine manipulation. He opined she would be absent more than four times a month due to her impairments or treatment. Again,

10

>this opinion is not persuasive. Dr. Chelich's treatment notes showed the claimant had some tenderness and decreased range of motion, but nothing further in terms of significant clinical findings. The more recently submitted records, which show office visits on two occasions, once in February 2021 and then once in December 2021, fail to even document any musculoskeletal or neurological exams. His exams do not support such severe limitations as this form would suggest. Dr. Chelich referred the claimant to specialists for her orthopedic conditions in which she was provided treatment that improved her symptoms as noted above.

(R. 27 (citations omitted).)

So, in sum, the ALJ discounted Dr. Chelich's opinions concerning Plaintiff's physical limitations because they were not supported by the doctor's own treatment notes and were inconsistent with the doctor's examinations. Given the ALJ's explicit rationales, the Court finds that the ALJ properly assessed and explicated supportability and consistency in discounting Dr. Chelich's opinions. *See* 20 C.F.R. § 404.1520c(b)(2). The Court must again decline Plaintiff's invitation to reweigh the evidence in relation to Dr. Chelich's opinions concerning Plaintiff's physical limitations. *See Gedatus*, 994 F.3d at 900.

11

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion to reverse and remand the Commissioner's decision [Doc. No. 14] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is granted.

**SO ORDERED.**          **ENTERED:**

**DATE:  August 15, 2023**          _____
                                                                **HON. MARIA VALDEZ**
                                                                **United States Magistrate Judge**